IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL E. DAVIS                                                                            PLAINTIFF

v.                                      CIVIL NO. 08-2051

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on September 13, 2005, alleging an inability to work since December 31, 2000, due to depression, anxiety, post traumatic stress disorder and chronic back and hip pain. (Tr. 60). For DIB purposes, plaintiff's date last insured is March 31, 2004. (Tr. 14). An administrative hearing was held on May 10, 2007, at which plaintiff appeared with counsel. (Tr. 436-476). Plaintiff, plaintiff's wife and a vocational expert testified at the hearing.

By written decision dated July 30, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). Specifically, the ALJ determined that through his date last insured plaintiff had the following severe impairments: hypertension, post traumatic stress disorder, generalized anxiety disorder, depression, ventral hernia, osteoarthritis and a possible history of seizures. (Tr. 17). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform work not requiring lifting and carrying more than twenty pounds occasionally or ten pounds frequently; to sit more than six hours total during an eight-hour workday; to stand/walk more than six hours total during an eight-hour workday; to occasionally drive, climb scaffolds, ladders or ropes; and to occasionally stoop, bend, crouch, crawl, kneel or balance. (Tr. 19). The ALJ found due to pain, lack of sleep and side effects of medication, plaintiff is limited mentally to non-complex, routine work that could be learned by rote, involving simple instructions, little judgment, few variables and no more than superficial contact with the public that was incidental to work performed and supervision that is concrete, specific and direct. With the help of a vocational expert, the ALJ determined plaintiff could perform other work as a press operator and an assembly production worker. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing the additional evidence, denied that request on March 24, 2008. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. 6,7).

**II.	Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520(a)- (f). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

### III.   Discussion:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on March 31, 2004. Accordingly, the overreaching issue in this case is the question of whether plaintiff was disabled during the relevant time period of December 31, 2000, his alleged onset date of disability, through March 31, 2004, the last date he was in insured status under Title II of the Social Security Act.

In order for plaintiff to qualify for disability benefits he must prove that, on or before the expiration of his insured status, he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984). The medical evidence of plaintiff's condition subsequent to the expiration of plaintiff's insured status

AO72A
(Rev. 8/82)

is relevant only to the extent it helps establish plaintiff's condition before the expiration. *Id.* at 1169.

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a significant range of light work on a sustained basis, relied on the RFC assessment completed and affirmed by non-examining, medical consultants, indicating plaintiff's ability to perform within the light work category. (Tr. 319-336, 343-355). We note that the

opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Further, in the assessment dated December 6, 2005, relied on by the ALJ, Dr. Kay Gale opined plaintiff had an affective disorder, namely depression, prior to his date last insured but found this impairment was not a severe mental impairment prior to March 31, 2004. (Tr. 319, 331). What is particularly troubling is that Dr. Gale failed to address plaintiff's clearly diagnosed anxiety.

A review of the medical evidence reveals plaintiff complained of and was treated for anxiety. (Tr. 211, 218, 223, 232, 227, 230). Records reveal in September of 2001, plaintiff was easily upset and evasive when questioned about personal affairs. (Tr. 227). The nurse noted plaintiff was unable to complete a screening due to his increased paranoia. While the record reveals plaintiff's anxiety was at times helped by medication during the relevant time period, the record clearly establishes plaintiff had an on-going problem with anxiety and that those symptoms were not always treated adequately with medication. As it appears Dr. Kaye only addressed plaintiff's depression in the Psychiatric Review Technique form and the record clearly establishes plaintiff has a long standing history of treatment for anxiety we believe remand is necessary so that the ALJ can more fully and fairly develop the record regarding plaintiff's mental impairments.

On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, including Dr. Terry Hoyt, and ask the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question. We strongly encourage the ALJ to direct interrogatories to Dr. Kathleen M. Kralik, the psychologist that performed the consultative mental evaluation in

AO72A
(Rev. 8/82)

December of 2005, and request that she review the medical evidence during the relevant time period and complete a mental RFC assessment regarding plaintiff's capabilities through March 31, 2004.

There is also a treatment note from the Veteran's Administration (VA) clinic indicating plaintiff has a one hundred percent service connected disability for psychosis and paranoid schizophrenia. It is true that "the ALJ does not have to discuss every piece of evidence presented...." *Miller v. Shalala,* 8 F.3d 611, 613 (8th Cir.1993). It is also true that a disability determination by the VA is not binding on an ALJ considering a Social Security applicant's claim for disability benefits. *See Jenkins v. Chater,* 76 F.3d 231, 233 (8th Cir.1996). However, in *Morrison v. Apfel,* 146 F.3d 625, 628 (8th Cir. 1998), the Eighth Circuit held that "findings of disability by other federal agencies, even though they are not binding on an ALJ, are entitled to some weight and must be considered in the ALJ's decision." We recommend the ALJ address this evidence on remand.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence. Should the ALJ rely on vocational expert testimony in finding plaintiff able to perform other work in the regional and national economies, we suggest that the ALJ question the vocational expert with respect to the jobs available prior to plaintiff's date last insured.

**IV.   Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C.

AO72A
(Rev. 8/82)

§ 405(g).  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of July, 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)